UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIMMARA SUMRALL,

    *Plaintiff*,

  v.

JANINE ALI,

    *Defendant*.

Miscellaneous Action No. 25 - 110 (LLA)

**MEMORANDUM OPINION**

    Plaintiff Kimmara Sumrall asks this court to issue two subpoenas in connection with a July 2025 hearing in the Superior Court of the District of Columbia. ECF Nos. 1, 2, 3. First, she seeks the attendance and testimony of a United States Capitol Police ("USCP") officer who witnessed an assault on her in November 2024. ECF Nos. 1, 2 at 1-2. Second, she seeks the attendance and testimony of the USCP's records custodian and, through the custodian, the production of photographs and videos connected to her case. ECF No. 3, at 1.

    Ms. Sumrall previously sought to secure the testimony of the USCP officer through a Superior Court subpoena, *see* ECF No. 1-3, but she was informed by the USCP General Counsel's Office that the USCP "cannot accept service of a subpoena issued by the District of Columbia Superior Court because[,] as a federal agency, USCP is not subject to the jurisdiction of the Superior Court," ECF No. 1, at 2-3. She was further informed that USCP "will accept service if the District Court for the District of Columbia issue[s] the subpoena." ECF No. 1, at 2-3.

    "A state subpoena commanding a federal agency to produce its records or have its employees testify about information obtained in their official capacities violates federal sovereign

immunity." *In re Subpoena in Collins*, 524 F.3d 249, 251 (D.C. Cir. 2008). Ms. Sumrall was therefore correctly informed that the USCP and its employees are not subject to subpoenas issued by the Superior Court. *See Baugh v. U.S. Capitol Police*, No. 22-CV-139, 2022 WL 2702325, at *4 (D.D.C. July 12, 2022) (finding that the USCP is a federal agency that is shielded by sovereign immunity).

Federal agencies have waived their sovereign immunity as it relates to subpoenas in federal court. *Hou. Bus. J., Inc. v. Off. of Comptroller of Currency, U.S. Dep't of Treasury*, 86 F.3d 1208, 1212 (D.C. Cir. 1996). Unfortunately for Ms. Sumrall, however, federal courts lack subject-matter jurisdiction to issue subpoenas in connection with litigation in state court. *Id.* at 1212; *see id.* at 1213 (explaining that a federal district court lacks "power to issue a subpoena when the underlying action is not . . . asserted to be within federal-court jurisdiction"). Because this court lacks subject-matter jurisdiction to grant the relief Ms. Sumrall seeks, it will deny her motions to issue subpoenas. A contemporaneous order will issue.

                                                                LOREN L. ALIKHAN
                                                                 United States District Judge

Date: July 9, 2025